UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CINDY L. OEHMIGEN,

                              Plaintiff,        **CONFIDENTIALITY**
   v.                                              **STIPULATION AND ORDER**

CENTRAL NEW YORK TECHNOLOGY
DEVELOPMENT ORGANIZATION, INC. and      Civil No.:  5:17-cv-01099-BKS-TWD
SCOTT M. CURTIS

                             Defendants.

**STIPULATION AND ORDER FOR THE
CONFIDENTIALITY AND PROTECTION OF DOCUMENTS AND INFORMATION**

      Counsel for the undersigned parties to this action, pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure hereby stipulate and request that the Court enter this Confidentiality Stipulation and Order for the purposes of assuring the confidentiality and protection of certain confidential and proprietary information that may be disclosed by any party, or by any non-party, in the course of discovery in this action.  This includes, without limitation, any expedited discovery ordered by the Court or otherwise agreed-upon by and between the parties in this action.

1.     As used in this Confidentiality Stipulation and Order, the term "Confidential Information" includes any material or information that is disclosed in the course of discovery by any party, or by a non-party pursuant to a subpoena duces tecum or a subpoena to take the deposition of non-party, that is deemed in good faith by the disclosing party to be confidential or

proprietary, and that has been designated as "Confidential" or "Attorney's Eyes Only" in one or more of the following ways:

(a) information set forth in an answer to a request for documents, a subpoena, an interrogatory or request for admission may be so designated by including a clear statement in the answer that the answer is "Confidential" or "Attorney's Eyes Only;"

(b) information contained in any document, summary or part thereof may be so designated by the producing party by marking the word "Confidential" or "Attorney's Eyes Only" on the document and all copies of it delivered to counsel for any party, or by giving written notice to counsel, describing the document or part thereof either specifically or by category. In the event that any party or non-party produces documents in response to a document demand or subpoena by making the requested documents available for inspection and copying, the producing party may designate in writing, either prior to or at the time of the inspection, any category or group of documents so produced as "Confidential" or "Attorney's Eyes Only." Copies requested from any category or group of documents so designated shall be marked as "Confidential" or "Attorney's Eyes Only;"

(c) information contained in an answer to any questions asked during an oral deposition may be designated as "Confidential" or "Attorney's Eyes Only" by a statement made on the record during the course of the deposition or in writing served by first class mail or overnight delivery within ten (10) business days after the designating party received the deposition or transcript. Such designation may

be made either by designating the topic or topics designated as "Confidential" or "Attorney's Eyes Only" or the specific question or answer so designated; or

(d) electronic or other information produced as part of expedited or other discovery ordered by the Court, or otherwise agreed-upon by and between the parties, may be designated as "Confidential" or "Attorney's Eyes Only" by giving written notice to counsel before production, at the time of production, or within ten (10) days after production of such information.

2. Confidential Information designated as "Confidential" that is disclosed by either a party or non-party during the course of discovery in this action:

(a) shall only be used by the parties to this action, their counsel, any expert witnesses or advisors and consulting firms retained by a party to this action in connection with the prosecution and defense of this action and for no other purposes;

(b) shall not be published to the general public or any person(s) not otherwise authorized by this Order to receive such information in any form by any party to this action, their counsel, or any expert witnesses, advisors and consulting firms retained by a party to this action, nor used by any party to this action, their counsel, or any independent expert witnesses, advisors and consulting firms retained by the receiving party for any business or commercial purposes;

(c) may be disclosed by counsel to the parties to this action only to the following persons insofar as reasonably necessary to the prosecution or defense of this action, and only insofar as such persons have been notified of the confidentiality, non-disclosure and non-use obligations set forth in this Section 2 and have agreed to comply with such obligations;

(i) Attorneys of record for the parties to this action, including any attorneys employed by a law firm of record that represents a party;

(ii) Secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents a party;

(iii) The receiving party, including any employees of the party to the extent reasonably necessary to assist in the prosecution and/or defense of the claims in this action;

(iv) Expert witnesses, advisors and consulting firms retained by a party in connection with this action;

(v) Technical, secretarial, clerical and paralegal or student personnel employed full-time or part-time by any expert witnesses, advisors and consulting firms retained by a party in connection with this action;

(vi) Court reporters or stenographers engaged to record deposition testimony, and their employees;

(vii) Any mediator designated by the parties, as well as secretarial, clerical and paralegal or student personnel employed full-time or part-time by such mediator; and

(viii) Such other persons as may be authorized by agreement of the parties or by the Court upon motion of any party pursuant to the provisions of Paragraph 6 below.

3. Confidential Information designated as "Attorney's Eyes Only" disclosed by a party or non-party during the course of discovery in this action:

(a) shall be used only by counsel for the parties to this action and any independent expert witnesses, advisors and consulting firms retained by a party only for the purposes of this action, but only insofar as such persons have signed the Acknowledgement attached as Exhibit A hereto;

(b) shall *not* be disclosed to the parties to this action themselves or to their employees, officers, directors, or agents (provided that any independent expert witnesses, advisors and/or consulting firms to which disclosure is made shall have complied with subsection (a) of this Section 3 and shall not provide any such information to the parties), and shall *not* be used for any business or commercial purposes (including competitive purposes against the other party/parties) by any party to this action but instead shall be used only for purposes of this litigation;

(c) shall *not* be published or otherwise disclosed to the general public or any person(s) not otherwise authorized by this Order to receive such information in any form or used for any business or commercial purposes (including competitive purposes against the other party/parties) by any party to this action;

(d) shall be disclosed by counsel for party to this action only to the following persons insofar as it is reasonably necessary to the prosecution or defense of this action, and only insofar as such persons have been notified of the confidentiality, non-disclosure and non-use obligations set forth in this Agreement and have agreed to comply with such obligations:

    (i) Attorneys of record for the parties to this action, including any attorneys employed by a law firm of record that represents a party;

(ii) Secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents a party;

(iii) Independent Expert witnesses, advisors and consulting firms retained by a party in connection with this action;

(iv) Technical, secretarial, clerical and paralegal or student personnel employed full-time or part-time by any Independent Expert witnesses, advisors and consulting firms retained by a party in connection with this action;

(v) Court reporters or stenographers engaged to record deposition testimony, and their employees;

(vi) Any mediator designated by the parties, as well as secretarial, clerical and paralegal or student personnel employed full-time or part-time by such mediator; and

(vii) Such other persons as may be authorized by agreement of the parties or by the Court upon motion of any party pursuant to the provisions of Paragraph 6 below.

4. The use of the designation "Attorney's Eyes Only" shall be made only upon a good-faith assessment that the material covered by such designation represents confidential commercial information of such a sensitive nature that its dissemination cannot adequately be covered by the protections set forth in Paragraph 2 above. Such good faith assessment may include, without limitation, an assessment that the material covered by such designation could be used by one party to obtain a competitive advantage against the other.

5.     Nothing in this Confidentiality Stipulation and Order shall preclude disclosure of information to any employee of the producing party or third party, or any person who offered, prepared, previously had legal access to, was an addressee of, received a copy of such information prior to the date of entry of this Confidentiality Stipulation and Order, or participated in the creation, compilation or production of such information.

6.     In the event that any party desires that information designated as "Confidential" or "Attorney's Eyes Only" be disclosed, communicated, discussed, or made available to any person not otherwise authorized by this Confidentiality Stipulation and Order, the party wishing to disclose, communicate, discuss, or make available such information must submit to counsel for the designating party a written notice specifically identifying the information to be disclosed, the name, title and business relationship of the person to whom counsel wishes to make such disclosure.  Counsel for the designating party shall have 15 days from the date of receipt of the notification to object to the disclosure to any person identified therein.  If counsel for the designating party does not respond in writing to the written notice of disclosure with 15 days after receipt thereof, the persons named in the notice, subject to the terms and conditions of this Confidentiality Stipulation and Order, shall be entitled to receive the information specified in the notice, but no other materials subject to this Confidentiality Stipulation and Order.  If any counsel for the designating party responds and objects to the disclosure request, and the parties subsequently are unable to agree on the terms and conditions of the requested disclosure, the party seeking disclosure may file a motion with the Court, served on counsel for all other parties, setting forth the basis for seeking such disclosure, in which case, the requested disclosure shall be made upon the terms as the Court shall provide.

7. A copy of this Confidentiality Stipulation and Order, together with the Agreement agreeing to be bound by its terms in the form annexed hereto as Exhibit A, shall be delivered to each person within categories (iii), (iv), and (viii) paragraph 2 (c) and all individuals within 3 (d) above to whom disclosure of Confidential Information will be made. The provisions of the Confidentiality Stipulation and Order shall be binding upon each such person to whom disclosure is made. Counsel for the party disclosing the information shall obtain and retain a signed copy of said Agreement before any such person receives any Confidential Information.

8. Secondary documents, including but not limited to notes, memoranda, analysis and briefs that are prepared from any materials described herein that contain Confidential Information shall be treated in the same fashion as the underlying materials.

9. If any party disputes the designation of information as "Confidential" or "Attorney's Eyes Only," the party disputing the designation shall serve counsel for the designating party a written notice specifically identifying the challenged designation and the factual and legal basis for the challenge. Counsel for the designating party shall have 15 days from the date of receipt of the notification to respond to the challenge. If counsel for the designating party does not respond in writing to the written notice within 15 days after receipt thereof, or if the parties cannot resolve a dispute then the party seeking to remove the designation may request relief from the Court upon notice to counsel for all parties. Until the Court issues an Order removing the designation, all materials designated as "Confidential" or "Attorney's Eyes Only" shall be treated according to their designation.

10. The provisions of this Confidentiality Stipulation and Order shall not be construed as preventing:

  (a) any disclosure of Confidential Information by the parties designating the information as such; or

  (b) any disclosure of Confidential Information to any judge, law clerk or employee of this Court.

11. The parties understand and agree that, even if documents and other information is designated as "Confidential" and/or "Attorney's Eyes Only" pursuant to this Order, they must obtain the Court's permission before filing such documents and other material under seal.

12. Nothing in this Confidentiality Stipulation and Order shall preclude a party from offering "Confidential" and/or "Attorney's Eyes Only" information into evidence at the trial in this action.  Nothing in this paragraph shall preclude any party from seeking an order from the Trial Judge governing the use of any "Confidential" and/or "Attorney's Eyes Only" information at trial.

13. Nothing in this Confidentiality Stipulation and Order shall be deemed to limit or constitute a waiver of any party's right to object to the production of any information on the basis of privilege or for any other reasons provided under applicable federal or state law.

14. All discovery materials, including, but not limited to, discovery materials designated as "Confidential" and/or "Attorney's Eyes Only," and all copies thereof, shall be either destroyed or returned to the disclosing party or its counsel, per the disclosing party's instructions within thirty (30) days of the conclusion of this litigation including any appeals.  Counsel for the receiving party shall certify in writing that said discovery materials have been destroyed or returned per the disclosing party's instructions, or otherwise disposed of as ordered by the Court.

| | |
|---|---|
| Dated: April 13, 2018 | **SATTER LAW FIRM, PLLC** |
| | By: _s/ Patrick R. Blood_ |
| | Mimi C. Satter, Esq. |
| | Patrick R. Blood, Esq. |
| | *Attorneys for Plaintiff* |
| | 217 South Salina Street, 6th Floor |
| | Syracuse, NY 13202 |
| | Phone: (315) 471-0405 |
| | Fax: (315) 471-7849 |
| | msatter@satterlaw.com |
| | pblood@satterlaw.com |
| | |
| Dated: April 13, 2018 | **HARRIS BEACH PLLC** |
| | By: _s/ Scott D. Piper_ |
| | Scott D. Piper, Esq. |
| | *Attorneys for Defendants* |
| | 99 Garnsey Road |
| | Pittsford, NY 14534 |
| | Phone: (585) 419-8800 |
| | Fax: (585) 419-8817 |
| | spiper@harrisbeach.com |

SO ORDERED:

Hon. Therèse Wiley Dancks
United States Magistrate Judge

Dated: April 17, 2018

10